UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUIS VEGA, | No. CV 10-4464-DMG (PLA) |
| Petitioner, | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| MATTHEW CATE, et al., | |
| Respondents. | |

## INTRODUCTION

On December 30, 2013, petitioner filed a "Motion for Objection to Report and Recommendation of U.S. Magistrate Judge," which includes his own declaration, a five-page document entitled "Prima Facie," an eleven-page document entitled "Objection to Report and Recommendation of U.S. Magistrate Judge," with an attached ten-page document entitled "Fundamental -- Miscarriage of Justice Actual Innocence," and an attached exhibit (collectively "Obj."). At the same time, petitioner filed a "Request for Certificate of Appealability" ("Request for COA"). Then, on February 13, 2014, petitioner filed a document entitled "Motion to Consider Pre-Judgment" ("Motion"); and on February 21, 2014, petitioner filed a document entitled "Stay Judgment Due to Innocence" ("Stay").

/

## DISCUSSION

In his Objections, as well as in his Motion and Stay, petitioner contends that he is objecting to the Magistrate Judge's Report and Recommendation ("R&R") on the grounds that he is "actually innocent" of the charged crime; no corroborating evidence supported the testimony of the accomplice; "fraud"; the prosecutor misstated the law and facts to the jury; the Magistrate Judge's "findings of fact were simply wrong"; and the "Magistrate's review was cursory at best." However, petitioner's arguments primarily revolve around his first ground raised in his Petition, that the prosecutor committed misconduct by misstating evidence and misleading the jury during closing arguments regarding the existence of evidence to corroborate the testimony of the accomplice, Betancourt.

Petitioner did not raise an "actual innocence" claim in his Petition. He now posits a novel, and unsupported, version of his claim that he is "actually innocent" of murder -- "It is more likely than not, (Schlup) [sic], that without the testimony of co-defendant, Betancourt, petitioner would not be [sic] convicted." (Obj. at 2; see also Motion at 3, 5; Stay at 1.) Even if petitioner had timely raised a relevant claim under Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), he must show that a constitutional violation probably has caused the conviction of one who is actually innocent of the crime. Further, petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Moreover, as the Supreme Court has stated, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324. Finally, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the **new** evidence." Id. at 327 (emphasis added). Here, petitioner does not even purport to point to any new evidence. His arguments primarily arise from his contention

that the testimony of victim Pedroza did not corroborate that of accomplice Betancourt.[1]  This contention, however, is one that the Magistrate Judge rejected in the R&R.

In addition, in the documents filed in connection with his Objections, petitioner fails to point to any specifics to support his contentions that the Magistrate Judge's review was "cursory" or that "the fact findings were wrong." (See, e.g., Prima Facie at 1-2; Obj. at 18; Motion at 2.)  Petitioner relies on state law to argue that the testimony of an accomplice, standing alone, cannot support his conviction. (See, e.g., Prima Facie at 1; Obj. at 2-3, 14-15, 18; Request for COA at 3; Motion at 4-5; Stay at 4-5.)  This contention, however, does not raise a federal constitutional claim.  Further, although petitioner argues in his Motion that the prosecutor "solicited an incriminating statement by Betancourt . . . which he knew was false," petitioner did not raise any claims pertaining to the knowing presentation of false testimony in his Petition. (Motion at 4).

The Magistrate Judge, in the Report and Recommendation, has addressed petitioner's arguments raised in his Objections, in his Motion, and in his Stay.  After full consideration of the arguments and allegations in petitioner's Objections, Motion and Stay, the Court concludes as follows:

/
/
/
/
/
/
/
/

---

[1]  Petitioner also newly argues that the accomplice, Betancourt, "did not have the ability to reason, comprehend or resist a skilled prosecutor," that he was "incapable of a free and rational choice," that he was of "low intelligence", and that he "did not have the capacity to refrain from making a statement." (Stay at 4, 5).  No evidence supports this theory, nor did petitioner raise any such claim in his Petition.

3

**CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and all three sets of petitioner's objections to the Report and Recommendation.  The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.  The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: April 15, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE